# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EARL DENNARD,<br><br>*Plaintiff,*<br><br>v.<br><br>TWIGGS COUNTY BOARD OF ASSESSORS,<br><br>*Defendant.* | CIVIL ACTION NO.<br><br>5:18-cv-00299-TES |

## ORDER GRANTING IN PART DEFENDANT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

In this employment discrimination lawsuit, Defendant moves for judgment on the pleadings on the grounds that it is entitled to Eleventh Amendment sovereign immunity, that Plaintiff is not entitled to prospective injunctive relief, and that it is not a covered employer under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). For the following reasons, Defendant's Motion for Judgment on the Pleadings [Doc. 13] is **GRANTED IN PART**, and the parties are **NOTIFIED** pursuant to Federal Rules of Civil Procedure 12(d) and 56(f) that the Court intends to convert the remainder of the motion into one for summary judgment.

## FACTUAL BACKGROUND

In his Complaint, Plaintiff Earl Dennard alleges that he was jointly employed by Twiggs County, Georgia and the Defendant Twiggs County Board of Assessors from

September 1995 until his termination on October 2, 2014. [Doc. 1, ¶ 5]. In 2013, while he was acting as a Chief Appraiser, Plaintiff underwent vertebrae fusion surgery. [*Id.* at ¶ 17]. During or around the time of the surgery, Plaintiff also discovered that he had herniated discs in his neck, which worsened through 2014. [*Id.*]. These conditions, which Plaintiff claims substantially limited his ability to work, stand, and sit, led him to request to perform prescribed "cervical traction" at home. [*Id.* at ¶¶ 17, 18].

Although Defendant's executives met to discuss Plaintiff's request for accommodation, they ultimately terminated him and "annulled" his Level 3 Appraiser position. [*Id.* at ¶¶ 19, 20]. Defendant also decided to hire a Level 4 Appraiser and refused to consider Plaintiff for the position, even though he needed to complete only two more courses and pass an examination to qualify. [*Id.* at ¶ 22].

Plaintiff claims that Defendant terminated him and retaliated against him in violation of the ADA and seeks back pay, front pay and/or reinstatement, other compensatory damages, and attorney's fees and costs. Defendant, on the other hand, moves to dismiss Plaintiff's claims on three grounds. First, Defendant argues that it is an arm of the State of Georgia entitled to Eleventh Amendment sovereign immunity on Plaintiff's claims for compensatory relief. Second, Defendant contends that Plaintiff's requests for prospective injunctive relief are barred because there is no threat of ongoing harm. Finally, Defendant claims it lacks the number of employees necessary to qualify as a covered employer subject to suit under the ADA and that Plaintiff cannot aggregate

Defendant's number of employees with those of the entirety of Twiggs County because Defendant and the County are not joint employers with respect to appraisers. Although Plaintiff requested and received an extension of time to respond to Defendant's motion, *see* [Docs. 17, 18], Plaintiff has filed no response as of the date of this Order.

As explained below, the Court agrees that Defendant is entitled to Eleventh Amendment immunity on Plaintiff's claims for damages. Nevertheless, the Court cannot resolve the question of whether Defendant is a covered employer without considering evidence outside the pleadings, and this determination will impact the availability of prospective injunctive relief.

## **DISCUSSION**

### A. **Standard of Review**

Pursuant to the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." *Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta*, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994).

When ruling on a 12(b)(6) motion, the Court must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if the plaintiff alleges sufficient factual matter to state a claim for relief that is plausible on its face, and he must state more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). He must also "plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action," *id.*, such that the factual allegations contained in the complaint are "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

When assessing a motion to dismiss for failure to state a claim, the Court employs a two-step framework. *McCullough*, 907 F.3d at 1333. First, the Court identifies and disregards allegations that are "no more than mere conclusions," since "[c]onclusory allegations are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Second, the Court "assume[s] any remaining factual allegations are true and determine[s] whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

B. **Eleventh Amendment Immunity**

Defendant first claims that it is entitled to immunity from suit for damages under the Eleventh Amendment. The Eleventh Amendment bars claims brought in federal court against a state itself and entities that are considered "arms of the State." *Manders v. Lee*,

4

338 F.3d 1304, 1308 (11th Cir. 2003). "Whether a defendant is an 'arm of the State' must be assessed in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." *Id.* Such a determination turns on the outcome of a four-factor test outlined in *Manders*. The Court considers "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Id.* at 1309.

Unfortunately for Plaintiff, the Eleventh Circuit Court of Appeals has already definitively held that boards of tax assessors in Georgia are arms of the State entitled to sovereign immunity when they are engaged in disciplining and terminating appraisers. *See Ballard v. Chattooga Cty. Bd. of Tax Assessors*, 615 F. App'x 621, 625–28 (11th Cir. 2015) (per curiam). Applying the four *Manders* factors, the *Ballard* court found that Georgia's treatment of boards of tax assessors overwhelmingly weighs in favor of giving the boards immunity. Plaintiff has presented no law—and the Court can find none—that contradicts the *Ballard* decision or renders it inapplicable in this case. Thus, Plaintiff's claims against Defendant for damages are barred.

### C.     Prospective Injunctive Relief

Although the Eleventh Amendment prevents Plaintiff from pursuing monetary relief against Defendant, it does not prevent him from obtaining certain prospective injunctive relief if the other elements of an ADA claim are met. *See Lane v. Central Ala.*

5

*Cmty. Coll.*, 772 F.3d 1349, 1351 (11th Cir. 2014) (per curiam) (quoting *Summit Med. Assocs. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) ("[O]fficial-capacity suits against state officials are permissible . . . under the Eleventh Amendment when the plaintiff seeks 'prospective equitable relief to end continuing violations of federal law.'"). Defendant argues that Plaintiff's request for injunctive relief is meritless because he has been terminated and faces no threat of future harm from Defendant. This argument is only successful against requests for prohibitory injunctive relief (i.e., a request that Defendant be prevented from doing something). In his complaint, Plaintiff seeks reinstatement—a form of mandatory injunction that forces a party to do an act rather than abstain from doing an act. A claim for reinstatement is not barred by the Eleventh Amendment and is not affected by the lack of a threat of future harm. *See id.* ("[R]equests for reinstatement constitute prospective injunctive relief that . . . are not barred by the Eleventh Amendment."). Therefore, Plaintiff's claim for reinstatement remains unless Defendant's last argument—that it is not a covered employer under the ADA—prevails.

### D.  Covered Employer

Title I of the ADA prohibits certain employers from discriminating against disabled employees with regard to "the hiring, advancement, or discharge" of those employees, among other things. 42 U.S.C. § 12112(a). Employers subject to this prohibition include those "engaged in an industry affecting commerce who [have] 15 or

more employees for each working day in each of 20 or more calendar weeks in the current or proceeding calendar year." 42 U.S.C. § 12111(5)(a).

In his complaint, Plaintiff alleges that Defendant "is a covered employer" under the ADA and that Defendant and Twiggs County, Georgia are "an integrated enterprise . . . for the purposes of determining number of employees," because they "jointly controlled the terms and conditions of Plaintiff's employment." [Doc. 1, ¶¶ 7–9]. Just as unfortunately for Plaintiff as the question of Eleventh Amendment immunity, the question of joint employment has also been definitively decided by *Ballard*.[1] In *Ballard*, the plaintiff argued that the county board of assessors was a joint entity with the county itself, and upon a thorough review of Georgia law and an application of the factors in *Lyes v. City of Riviera Beach*, 166 F.3d 1332 (11th Cir. 1999) (en banc),[2] the court disagreed. In doing so, the court explained that Georgia law clearly delineates county boards of assessors as "separate and independent entit[ies]" from the counties themselves. *Ballard*, 615 F. App'x 624. As with Eleventh Amendment immunity, Plaintiff has presented no

---

[1] Although the *Ballard* decision concerned the satisfaction of the numerosity requirement under Title VII of the Civil Rights Act of 1964, the definition of employer is similar under the ADA, and courts look to Title VII cases for guidance on ADA cases. *See, e.g.*, *Perrymond v. Lockheed Martin Corp.*, No. 1:09-CV-1936-TWT, 2009 WL 2474226, at *5 n.7 (N.D. Ga. Aug. 12, 2009); *Nelson v. Jackson*, No. 1:14-CV-02851-ELR-JFK, 2015 WL 13545487, at *4 (N.D. Ga. Mar. 31, 2015), *recommendation adopted by* 2015 WL 13546505 (N.D. Ga. Apr. 21, 2015).

[2] When determining whether two entities are joint employers, the Court considers "(1) interrelationship of operations and centralized control of labor operations; (2) the authority to hire, transfer, promote, discipline or discharge; (3) the authority to establish work schedules or direct work assignments; and (4) the obligation to pay or the duty to train the charging party." *Ballard*, 615 F. App'x at 624 (citing *Lyes*, 166 F.3d at 1345).

argument as why *Ballard* should not control this issue. Accordingly, Defendant and Twiggs County cannot be considered a joint employer for the purposes of reaching the ADA's employer-numerosity requirement.

Because of the *Ballard* decision, Plaintiff's claim for reinstatement can only proceed if Defendant independently employed 15 people for at least 20 weeks in 2013 or 2014.[3] The question of whether Defendant meets this threshold is clearly one for summary judgment, as it requires the Court to consider evidence of the number of employees Defendant had during a certain period of time. *See Powers v. Avondale Baptist Church*, No. 3:06-cv-363-J-33MCR, 2007 WL 2310782, at *3 (M.D. Fla. Aug. 9, 2007) ("[T]he employee numerosity requirement is more appropriately considered in a motion for summary judgment, not in a Rule 12(b)(6) motion testing the sufficiency of a plaintiff's claim."). Defendant presented evidence in support of its motion for judgment on the pleadings that it employed less than 15 employees in 2014 but did not present evidence for 2013. Plaintiff, on the other hand, did not respond to the motion or present extrinsic evidence of its own. In an effort to efficiently resolve this case, the Court **NOTIFIES** the parties that it intends to convert this issue into a motion for summary judgment on Plaintiff's

---

[3] The employer must employ 15 people "for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). "The 'current' calendar year is the year in which the alleged discrimination occurred," or 2014 in this case. *Binns v. Primary Grp., Inc.*, 23 F. Supp. 2d 1363, 1366 (M.D. Fla. 1998) (citing *Vick v. Foote, Inc.*, 898 F. Supp. 330 (E.D. Va. 1995), *aff'd*, 82 F.3d 411 (4th Cir. 1996), and *EEOC v. Pettegrove Truck Serv., Inc.*, 716 F. Supp. 1430 (S.D. Fla. 1989)).

claim for reinstatement and will afford the parties time to supplement their briefs as explained below. *See* Fed. R. Civ. P. 12(d) and 56(f).

## CONCLUSION

Based on the foregoing, Defendant's Motion for Judgment on the Pleadings [Doc. 13] is **GRANTED IN PART** as to Plaintiff's claims for damages. Defendant's motion is hereby **CONVERTED** into one for summary judgment as to whether Defendant was a covered employer, and the answer to this question will determine whether Plaintiff's reinstatement claim may proceed. The parties have 21 days from the date of this Order to supplement their briefs with any evidence and/or argument relating to the number of people Defendant employed in 2013 and 2014.

**SO ORDERED**, this 4th day of June, 2019.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**
